## C. J. FLEMING v. CAROLINA POWER & LIGHT COMPANY.

(Filed 2 March, 1949.)

**Pleadings § 10: Parties § 10a—**

In a suit by a consumer to recover damages to his property from a fire allegedly caused by the negligence of defendant power company, the power company alleged that the fire resulted from the negligence of the consumer in the installation and maintenance of equipment on the consumer's property, that the consumer had executed an agreement to indemnify, save harmless and defend the power company against all liability or loss due to defective construction, wiring or appliances on consumer's property, and that certain named insurance companies had made payments to consumer on account of his loss. *Held:* The power company was *prima facie* entitled to the joinder of the named insurers as parties to the action.

PETITION to rehear decision reported in 229 N.C. 397.

*Gholson & Gholson and Murray Allen for plaintiff, C. J. Fleming.*
*Murray Allen for appellants, Insurance Companies.*
*A. A. Bunn, Perry & Kittrell and A. Y. Arledge for defendant, appellee.*

SEAWELL, J.   In the opinion reported in 229 N.C. 397, it was inadvertently stated that it did not appear that plaintiff Fleming had been paid for his loss by any insurance company, whereas it is alleged that five of these insurers (Capital Fire Insurance Co., Citizens Insurance Company of New Jersey, Continental Insurance Co., Home Insurance Co., and by reason of merger the American National Fire Insurance Co. is owner of the claim of the North Carolina Home Insurance Company), have made payments to him on account of this loss.   These corporations would, therefore, be at least *prima facie* proper parties, and the order made here that the additional parties brought in under the defendant's motion be stricken from the record is modified accordingly.

In view of the claims now alleged to have been paid by the named insurance companies, a majority of the Court is of the opinion that the allegations in defendant's second defense, based upon plaintiff's agreement to indemnify and defend the defendant against all claims for loss, costs and expenses on account of defective appliances on plaintiff's side of the point of delivery of electric current, would be sufficient to survive a demurrer in respect to the allegations therein of an agreement to defend, and that the court below properly overruled the demurrer.   Hence the order striking out the defendant's cross-action is to that extent modified.

The cause is remanded for further proceeding not inconsistent with the opinion as herein modified.

Except as herein allowed, the petition to rehear is dismissed.